**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

SKL INVESTMENTS, INC.,

    Petitioner,

v.                                                       Case No. 13-mc-38

UNITED STATES OF AMERICA,

    Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT**

This is an ancillary proceeding to *United States v. Michael Lusk*, No. 09-20314. Petitioner SKL Investments, Inc., ("SKL") is a company that purchases residential properties at tax sales, renovates them, and prepares them for resale. (Dkt. # 1, Pg. ID 2.) SKL seeks to quiet title in the government's claim to a piece of real property located at 9084 Hunters Ridge, Olive Branch, Mississippi ("the Property"). (*Id.* at Pg. ID 1.) The government claims that it received title to the Property pursuant to a preliminary order of forfeiture entered by the court on August 16, 2013. The matter is fully briefed, and no hearing is necessary. *See* W.D. Tenn. Local R. 7.2(d). For the following reasons, the court will grant the government's motion to dismiss, and deny SKL's motion for summary judgment.

## I. BACKGROUND

On January 3, 2006, David and Teresa Price conveyed the Property to Mykisha Williams, doing business as First Performance, LLC ("First Performance"). Two months later, First Performance was created as a Mississippi limited liability company. (Dkt.

# 12-1, Pg. ID 317.) On May 16, 2006, Williams quitclaimed her interest in the Property to First Performance. (*Id.* at Pg. ID 318.)

On August 19, 2009, a grand jury indicted Michael Lusk, Mykisha Williams and others, charging them with conspiracy to commit mail, wire, and bank fraud, and engaging in monetary transactions in criminally derived property. (Dkt. # 14, Pg. ID 337.) The indictment alleged that the conspiracy began "sometime on or before February 12, 2003" and continued through at least March 2008. (*Id.*) The indictment identified the Property as directly traceable to proceeds of the charged offenses, and therefore subject to criminal forfeiture upon Lusk's conviction. (*Id.* at Pg. ID 337–38.) SKL claims that Lusk was never a record owner of the Property—the government disputes this claim and asserts that Lusk was a record owner through First Performance, a company that he controlled in furtherance of the criminal conspiracy to which he pleaded guilty. (Dkt. # 12-1, Pg. ID 318.)

On August 26, 2009, the government filed a notice of *lis pendens* encumbering the Property. (*Id.*) Approximately a year later, on August 30, 2010, the DeSoto County, Mississippi tax collector sold a January 1, 2009, tax lien on the Property to College Investment Company ("College Investment"). (*Id.*) This sale remained on file with the Desoto County Chancery Clerk for two years until August 30, 2012. (*Id.*) In the meantime, First Performance failed to redeem the Property from the tax sale, and on September 14, 2012, the Clerk issued a tax deed to College Investment. (*Id.* at Pg. ID 319.) In mid-May 2012, Lusk entered into a plea agreement and the government dismissed all criminal charges against Williams. (*Id.*) On September 18, 2012, the court sentenced Lusk to the statutory maximum of 60 months' imprisonment. (*Id.* at Pg.

ID 320.)

On May 10, 2013, the DeSoto Chancery Court confirmed College Investment's title to the Property. (*Id.* at Pg. ID 320.) College Investment conveyed the Property to SKL on August 1, 2013, via a special warranty deed. SKL claims that it did not have actual knowledge of the government's notice of *lis pendens*. Two weeks later, the court entered its preliminary order of forfeiture, naming the Property as directly forfeitable and traceable to Lusk's criminal proceeds. (Dkt. # 14, Pg. ID 338.)

SKL filed its petition for ancillary proceedings on November 13, 2013. On March 18, 2014, the government moved to dismiss SKL's petition. After the parties finished briefing the motion to dismiss, SKL filed a motion for summary judgment, to which the government responded. The motion for summary judgment appears to have been wholly unnecessary; in its brief in support of its motion, SKL reproduces, largely verbatim, its arguments in response to the government's motion to dismiss. The government returned the favor, reproducing (albeit in a different order, but again, largely verbatim) the arguments advanced in its briefing in support of the motion to dismiss. The result of this storm of paper is that the legal issues presented in the government's motion to dismiss are identical to those presented in SKL's motion for summary judgment. Because, as discussed *infra*, the court grants the government's motion to dismiss, it is unnecessary to address SKL's motion for summary judgment.

## II. STANDARD

This is an ancillary proceeding by a third party, SKL, challenging the court's order of forfeiture for the Property. Federal Rule of Criminal Procedure 32.2(c) allows third parties to file a petition asserting an interest in property that is identified as subject to

3

forfeiture in a preliminary order of forfeiture. The court may dismiss a petition "for lack of standing, for failure to state a claim, or any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A). "[A] motion to dismiss a third-party petition in a forfeiture proceeding prior to discovery or a hearing should be treated like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b)." *United States v. Salti*, 579 F.3d 656, 667 (6th Cir. 2009). "For the purposes of the motion, the facts set forth in the petition are assumed to be true." Fed. R. Crim. P. 32(c)(1)(A). "Where a petitioner fails to allege or make a prima facie showing of any right, title or interest in the forfeited property, no hearing or trial is mandated." *United States v. Fabian*, No. 1:11-cr-157, 2013 WL 150361, at *4 (W.D. Mich. Jan. 14, 2013).

Section 853 allows only two avenues of relief, requiring that the petitioner show by a preponderance of the evidence that either:

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section.

21 U.S.C. § 853(n)(6); *United States v. Monea Family Trust I*, 626 F.3d 271, 277 (6th Cir. 2010). "[A] third party has no right to challenge the preliminary order's finding of forfeitability; rather, the third party is given an opportunity during the ancillary proceeding to assert any ownership interest that would require amendment of the order." *United States v. Andrews*, 530 F.3d 1232, 1236–37 (10th Cir. 2008). "If the

4

property really belongs to the third party, he will prevail and recover his property whether there were defects in the criminal trial or the forfeiture process or not; and if the property does not belong to the third party, such defects in the finding of forfeitability are no concern of his." *Id.* at 1237 (brackets, ellipsis, and citation omitted).

### III.  DISCUSSION

#### A.  Requisite Nexus

SKL spends the bulk of its response arguing that the government has not proved a nexus between the Property and Lusk's offense sufficient to justify forfeiture. For example, SKL argues that "[i]nstead of proving a sufficient nexus between the Property and the criminal activity of Mr. Lusk, the United States hides behind its argument that SKL cannot challenge the preliminary order of forfeiture." (Dkt. 9, Pg. ID 92; *see id.* at Pg. ID 93–96.) SKL asserts that because the government ultimately dismissed all charges against Williams, the original purchaser of the Property, dismissal of the charges against her "cut any nexus . . . between the Property and Mr. Lusk's criminal activities." (*Id.* at Pg. ID 95–96.)

However, this argument ignores the fact that, as a third-party petitioner, SKL cannot relitigate whether Lusk's property was subject to forfeiture in the first place. Although the Sixth Circuit does not appear to have addressed this issue, every circuit that has done so is in accord that third-parties may not challenge the forfeiture of a criminal defendant's assets. For example, in *United States v. Holy Land Foundation for Relief and Development*, 722 F.3d 677 (5th Cir. 2013), the Fifth Circuit explained:

> [The Petitioners] are foreclosed from raising this argument because it is an impermissible third-party challenge to the forfeiture of [the defendant's]

> assets. . . . Section 853(n) provides only two avenues of relief in an ancillary proceeding, and both require a party to establish an ownership interest in the forfeited funds. . . . The advisory committee notes to Federal Rule of Criminal Procedure 32.2 further counsel that § 853(n) 'does not involve relitigation of the forfeitability of the property; its only purpose is to determine whether any third party has a legal interest in the forfeited property.' . . . The Second, Eighth, Tenth and Eleventh Circuits have all agreed that a third party has no standing to challenge a preliminary order's finding of forfeitability. . . . [The defendant] is the only party that has standing to challenge the forfeitability of its assets. Since [the defendant] has not challenged the forfeitability of its assets in this appeal, the issue is not before us.

*Id.* at 689–90. *See also United States v. Davenport*, 668 F.3d 1316, 1321 (11th Cir. 2012); *United States v. White*, 675 F.3d 1073, 1077–78 (8th Cir. 2012) ("an ancillary proceeding allows [the petitioner] to establish her interest in the forfeited property as it compares to the interests of the government and other petitioners; it does not allow her to relitigate the nexus between the criminal acts of [the defendant] and the forfeited proceeds."); *Andrews*, 530 F.3d at 1236–37; *DSI Assocs. LLC v. United States*, 496 F.3d 175, 184–85 (2d Cir. 2007); *United States v. Dejanu*, 163 F. App'x 493, 498 (9th Cir. 2006) ("Whether the criminal forfeiture of the property was proper is not an issue subject to litigation by third parties in an ancillary proceeding.").

SKL argues that the Sixth Circuit's decision in *United States v. Bohn*, 281 F. App'x 430 (6th Cir. 2008), supports its position. In *Bohn*, the criminal defendant challenged the district court's finding that there was a nexus between his criminal activities and certain forfeited funds. *Id.* at 442. Specifically, he argued that the government had not shown that the seized money was his, or that there was a nexus between the money and the defendant's racketeering and money laundering activity. *Id.* at 443. In response, the government did not identify any evidence establishing a nexus between the defendant's activity and the forfeited money, but instead claimed

6

that all of the entities named in the preliminary order of forfeiture were used to further the defendant's criminal enterprise. The Sixth Circuit found this response "wholly inadequate," explaining that the government had not submitted any evidence showing that the accounts were in the defendant's name, controlled by the defendant, or that he had any interest in the accounts. *Id.* at 444.

However, there is a crucial distinction between *Bohn* and the instant case. In *Bohn*, the Sixth Circuit considered a challenge by the criminal defendant to the nexus between his crime and the forfeiture; in the instant case, SKL is a third-party challenging the nexus between the forfeiture and an unrelated criminal defendant's activities. As explained above, ancillary proceedings do not allow third-parties to challenge the nexus between the forfeited property and the defendant's criminal activity. Lusk is the only party who can challenge the nexus supporting the court's preliminary order of forfeiture—SKL cannot stand in his shoes and do so on his behalf.

### B. Superior Interest in the Property

SKL alleges that the tax lien sold by Desoto County to College Investment, and subsequently conveyed to SKL, renders its interest in the Property superior to the interest of the government under § 853(n)(6)(A).

"The criminal forfeiture statute provides that all right, title, and interest in property subject to forfeiture 'vests in the United States upon the commission of the act giving rise to forfeiture under this section.'" *United States v. Huntington Nat'l Bank*, 682 F.3d 429, 433 (6th Cir. 2012) (citing 21 U.S.C. § 853(c)). "Thus, after the commission of the criminal acts, title to the forfeitable property, by operation of the relation-back clause, actually belongs to the government." *Id.* (citation omitted). The two exceptions under

7

§ 853(n) "ensure that through the relation-back doctrine, the government steps into the shoes of the defendant acquiring only the rights of the defendant at the time of the criminal acts, and nothing more." *Id.* When property is purchased with criminally derived proceeds, "title to the property vest[s] in the government when it [is] purchased" because "proceeds of crime do not precede the crime." *United States v. Warshak*, No. 09-3321, 2011 WL 2450991, at *2 (6th Cir. March 30, 2011) (per curiam).

As part of Lusk's plea agreement, he consented to the criminal forfeiture allegations contained in the indictment. *See United States v. Lusk*, No. 09-20314, Dkt. 233, Pg. ID 504. At this point, because the purchase of the Property was derived from criminal proceeds, title vested in the government relating back to January 3, 2006, the date on which Williams purchased the property as part of the conspiracy. Because the Desoto tax lien was not effective until at least January 1, 2009, the government's interest predated the county's tax lien. The result is that the tax lien is not a "superior" interest within the meaning of § 853(n)(6)(A), because the government's interest vested approximately three years prior to the tax lien.

SKL argues otherwise, returning to its assertion that the government is unable to prove a nexus between Lusk's criminal activities and the Property. SKL claims that because the government is unable to prove this nexus, it renders the Property untainted, which nullifies the relation back rule embodied in § 853(n)(6)(a). In *United States v. Erpenbeck*, 682 F.3d 472 (6th Cir. 2012), the court held the relation-back clause in § 853(n)(6)(a) applies only to tainted property—not "substitute property" which the government seizes to satisfy a forfeiture judgment when tainted property is unavailable. *Id.* at 477–78; *see* § 853(p). However, as the government argues, Lusk's

indictment specifically identified the Property as directly forfeitable proceeds from his criminal offenses, a fact that he admitted as part of his guilty plea. SKL's argument to the contrary depends on its ability to challenge the nexus between the Property and Lusk's offenses, and as discussed *supra,* it cannot relitigate this issue.

SKL also argues that Mississippi's tax lien created an interest superior to the government's despite the fact that the government's interest vested well before Mississippi initiated the tax lien. However, § 853(k) provides:

> no party claiming an interest in property subject to forfeiture under this section may . . . commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section.

In the instant case, the indictment naming the Property as subject to forfeiture was filed on August 19, 2009. Therefore, under the plain terms of § 853(k), "no party" could commence any action against the United States concerning the validity of its alleged interest in the Property—an interest which vested on January 3, 2006, when Williams purchased the property with criminally derived proceeds. *See* § 853(c).

Several courts have applied § 853(k)'s statutory bar to foreclosure actions under state law. For example, in *United States v. MacInnes*, 223 F. App'x 549 (9th Cir. 2007), the court considered whether the petitioner bank was entitled to exercise its state-law rights and foreclose on the relevant property. The court reiterated that the "*only* right a party with an interest in the Property prior to forfeiture retains subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture, is the right to petition the district court pursuant to section 853(n)." *Id.* at 553 (emphasis in original, quotation marks and citation omitted). Applying this principle, the court reasoned that

9

§ 853(k) "extinguishes the right of lien holders and other interested parties to enforce their rights against the Government through separate civil litigation," including foreclosure sales. *Id.* Because the government held a vested interest in the subject property prior to the foreclosure sale, although the sale was nominally against the criminal defendant, in actuality it was an impermissible action against the United States concerning the validity of its interest in the property pursuant to § 853(k). *Id.* at 553–54 (citing *United States v. Phillips*, 185 F.3d 183, 187–88 (4th Cir. 1999)). The foreclosure sale itself was therefore invalid, leaving the government's interest in the subject property intact. *Id.* at 554. *See also Marzouca v. GFG Realty Fund, LLC*, No. 7:12-cv-00062-GRA, 2012 WL 910010, at *3 (D.S.C. March 16, 2012); *United States v. West*, 3:06-CR-92, 2007 WL 1100437, at *1 (E.D. Tenn. April 10, 2007).

SKL argues that Mississippi law provides that tax liens are "entitled to preference over all judgments, executions, encumbrances or liens whensover created." Miss. Code Ann. § 27-35-1. Citing this provision of Mississippi law, SKL asserts that the tax lien was superior to the government's interest in the property, regardless whether that interest vested prior to the tax lien attaching to the property. In other words, SKL claims that Mississippi's tax sale to College Investment created a superior interest to that of the government within the meaning of § 853(n)(6)(A). It further argues that the foreclosure cases cited above are distinguishable because they concern liens and foreclosures by private parties, rather than a tax sale by a state or municipal entity.

The court does not find SKL's distinction meaningful. Section 853(k) does not exempt state and local governments from its statutory bar prohibiting actions against the government's interest in property subject to forfeiture, but instead broadly mandates that

"no party" may commence such an action. As the government argues, in the instant circumstance, the only meaningful distinction between a foreclosure sale and a tax sale is the identity of the actor. Regardless of the identity of the foreclosing party, the *only* recourse for a party with an interest in property subject to criminal forfeiture is through the procedures specified in § 853(n). *See MacInnes*, 223 F. App'x at 553. SKL is unable to establish a superior interest to that of the government under § 853(n)(6)(A), and its claim under this section must be dismissed.

### C. Bona Fide Purchaser for Value

SKL's remaining avenue of relief is under § 853(n)(6)(B) which provides that if "the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture" the court shall amend its order of forfeiture accordingly. "Federal law controls whether a party qualifies as a [bona fide purchaser] under . . . § 853(n)(6)(B)." *Huntington*, 682 F.3d at 433. "[T]he bona fide purchaser exception is derived essentially from hornbook commercial law and reflects the common-law rule that an innocent purchaser for valuable consideration must be protected." *Id.* at 434. A notice of *lis pendens* can give sufficient notice to others that a purchaser of a given property may take the property subject to the outcome of the pending lawsuit, but such a notice must be filed in accordance with state law. *United States v. Parrett*, 530 F.3d 422, 432 (6th Cir. 2008).

Mississippi law provides:

When any person shall begin a suit in any court, . . . to enforce a lien upon, *right to, or interest in, any real estate*, . . . such person shall file with the clerk of the chancery court of each county where the real estate, or any part

11

> thereof, is situated, a notice containing the names of all the parties to the suit, a description of the real estate, and a brief statement of the nature of the lien, right, or interest sought to be enforced.

Miss. Code Ann. § 11-47-3 (emphasis added). A notice of *lis pendens* may not be predicated on "an action or suit seeking merely to recover a personal or money judgment unless and until a valid judgment has been secured and made a lien against the property." *W.H. Hopper & Assocs., Inc. v. Dunaway*, 396 So.2d 43, 45 (Miss. 1981) (citation omitted). Instead, the subject property "must be directly involved in the litigation." *Id.* (citation omitted).

Here, the Property was "directly involved in the litigation." The indictment specifically named the Property as subject to criminal forfeiture, thus enabling the government to file a notice of *lis pendens* asserting a "right to, or interest in" the Property within the meaning of § 11-47-3. SKL's argument to the contrary depends on its renewed assertion that the Property was *not* directly forfeitable, and that instead, it was a substitute asset recoverable only through the procedures outlined in § 853(p). If this were the case, Mississippi law would not appear to allow the government to file a notice of *lis pendens* given that the Property would not be "directly involved" in the criminal litigation. But as discussed *supra*, § 853 does not permit SKL to reopen Lusk's criminal forfeiture proceedings to relitigate the nexus between his criminal activity and the Property, and the face of Lusk's indictment reveals that the Property was directly forfeitable.

SKL is therefore not a bona fide purchaser for value. The government filed its notice of *lis pendens* for the Property on August 26, 2009. The DeSoto County tax collector did not conduct the tax sale until over a year later on August 30, 2010. Thus,

the notice of *lis pendens* was on file for the Property for approximately a year before the tax collector conducted the tax sale, thereby providing constructive notice to SKL of the government's possible adverse interest in the Property. *See United States v. Caro*, No. 08-20044CR, 2010 WL 680939, at *6 (S.D. Fla. Feb. 23, 2010); *United States v. Josic*, No. 1:05CR582, 2008 WL 5234386, at *9–10 (N.D. Ohio Dec. 12, 2008). Because SKL had "cause to believe" that the Property was subject to forfeiture under § 853, its claim under § 853(n)(6)(B) must also be dismissed.

### D. Unjust Enrichment/Quantum Meruit

The government also moves to dismiss SKL's claim for unjust enrichment/quantum meruit, arguing that Federal Rule of Criminal Procedure 32.2 and § 853 do not allow a claim for relief under either of these theories to be asserted in an ancillary proceeding. In its response, SKL does not argue to the contrary. Accordingly, its claim will be dismissed.

### IV. CONCLUSION

IT IS ORDERED that the government's motion to dismiss (Dkt. # 8) is GRANTED.

IT IS FURTHER ORDERED that SKL's motion for summary judgment (Dkt. # 11) is DENIED.

  s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: September 2, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 2, 2014, by electronic and/or ordinary mail.

                                                s/Lisa Wagner
                                                Case Manager and Deputy Clerk
                                                (313) 234-5522